AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>JHON FREDDY MENDEZ-MENDEZ,<br><br>*Defendant(s)* | ) ) ) ) ) ) ) Case No. 24-mj-6556-Valle |

FILED BY  AR  D.C.
Nov 20, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __November 19, 2024__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 | Illegal Reentry after Removal |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Jayden Richards, Border Patrol Agent
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __FaceTime__

Date: __November 20, 2024__

_____
*Judge's signature*

City and state: __Fort Lauderdale, Florida__   Honorable Alicia O. Valle, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jayden W. Richards, being duly sworn, depose and state the following:

1. I am a Border Patrol Agent with the United States Border Patrol, Customs and Border Protection (CBP) and have been so employed for approximately eighteen (18) years. My current responsibilities include the prosecutions of criminal and administrative violations related to the Immigration and Nationality Act and other federal criminal offenses.

2. This affidavit is based upon my own knowledge, as well as information provided to me by other law enforcement officers and witnesses involved in this investigation. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Jhon Freddy MENDEZ-Mendez committed the offense of illegal reentry after removal, in violation of Title 8, United States Code, Section 1326(a).

## PROBABLE CAUSE

3. On or about November 19, 2024, the Broward County Sheriff's Office (BSO) received a 911 call regarding a suspected maritime smuggling event near 2930 Northeast 24th Street in Pompano Beach, Florida. BSO deputies notified Miami Sector Border Patrol Agents, who later responded to the area.

4. When law enforcement arrived, the suspected migrants were on land. Some of the suspected migrants attempted to hide in the surrounding area. Ultimately, law enforcement apprehended approximately eighteen (18) suspected migrants. Further investigation revealed that the apprehended individuals entered the United States unlawfully—thirteen (13) migrants were from Ecuador, and five (5) migrants were from China.

5. The migrants were transported to the Dania Beach Border Patrol station for processing and interviews. MENDEZ-Mendez's biographical and biometric information—his

fingerprints—were entered into the U.S. Department of Homeland Security (DHS) systems to include the Integrated Automated Fingerprint Identification System (IAFIS). These systems, along with records checks revealed MENDEZ-Mendez had been previously removed from the United States on two occasions: May 8, 2024 and September 10, 2024.

6. A review of immigration records show that MENDEZ-Mendez is a native and citizen of Ecuador who previously entered the United States unlawfully on or about April 8, 2024, near Santa Theresa, New Mexico and was processed for removal on or about April 11, 2024, in Laredo, Texas. As a result, on May 8, 2024, he was subsequently removed to Ecuador via Harlingen, Texas.

7. On June 18, 2024, MENDEZ-Mendez was once again encountered in the United States by authorities entering near Santa Theresa, New Mexico. He was arrested and his prior order of removal was reinstated. As a result, on September 10, 2024, MENDEZ-Mendez was removed from the United States to Ecuador on a flight departing from Alexandria, Louisiana.

8. A review of DHS systems reflected that MENDEZ-Mendez did not have permission or authority to enter the United States on or about November 19, 2024.

**INTENTIONALLY LEFT BLANK**

9. Based on the foregoing, I submit that probable cause exists to believe that, on or about November 19, 2024, MENDEZ-Mendez, an alien having been previously removed from the United States, was found to be in the United States, without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission to the United States; in violation of Title 8, United States Code, Section 1326(a).

_____
Jayden W. Richards
Border Patrol Agent
Customs and Border Protection

Sworn to and subscribed before me by FaceTime on November 20th, 2024, in Fort Lauderdale, Florida

_____
HONORABLE ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: ___24-mj-6556-Valle___

### BOND RECOMMENDATION

DEFENDANT: Jhon Freddy Mendez-Mendez

Pretrial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: Vanessa E. Bonhomme

Last Known Address: _____

What Facility: _____

Agent(s): Border Patrol Agent Jayden Richards
(FBI)  (SECRET SERVICE)  (DEA)  (IRS)  (ICE)  (**OTHER**)